M. BROOKS HENDERSON v. FAYETTE D. KENDRICK.

May 12, 1898.

Nos. 11,135—(200).

**Chattel Mortgage on Store Fixtures to Secure Loan and Past-Due Rent—Insolvency of Mortgagor—Valid as to Loan.**

On November 20, 1896, F., being insolvent to the knowledge of K., the latter loaned F. $150, and to secure the payment thereof took from him a chattel mortgage on certain store fixtures, and which mortgage also secured the payment to one S. of $300 back rent due from F. to S. The assignee of F. brought this action against K. to have the lien of the mortgage removed from the fixtures, and the trial court found as a fact that F., in executing the chattel mortgage, intended to give S. a preference over his other creditors, and adjudged said chattel mortgage invalid. There was no such finding as to K., or that his taking the mortgage was in any respect tainted with fraud as to other creditors of F. *Held* that, while the mortgage was void as to the $300 back rent due, as being an attempt on the part of F. to give S. a preference over

other creditors, it was valid as a security for the loan of the $150 made by K. to F.

Appeal by defendant from a judgment of the district court for Ramsey county in favor of plaintiff, as the assignee of Frederick W. Faber, insolvent, entered pursuant to the findings and order of Bunn, J. Reversed as to defendant, with directions.

*Pinch & Dampier,* for appellant.

*Macdonald & Kane,* for respondent.

BUCK, J.

On and prior to November 20, 1896, one Faber was carrying on the drug business in the city of St. Paul in a store rented of one Ann K. Stees, for whom the defendant, Kendrick, was agent. On the above date, and for a long time prior thereto, Faber was insolvent, which fact was known to defendant, who then loaned to Faber $150, and to secure the same took a chattel mortgage covering the fixtures in said store belonging to Faber, which mortgage also secured the payment of $300 back rent due from Faber to Stees. It was also agreed at the same time that defendant should not take possession of the property covered by said chattel mortgage, but it might remain in Faber's possession, and that he might continue such business in the same manner as if no chattel mortgage had been given on said fixtures, and that defendant would not file said chattel mortgage, but would keep the same in possession, providing Faber should pay, as it became due, his subsequently accruing rent for such store. This mortgage was not filed until January 16, 1897.

On January 19, 1897, Faber, being insolvent, made a general assignment under the insolvency laws of this state to this plaintiff, who, on or about March 23, 1897, pursuant to an order of the court made in the assignment proceedings, advertised for sale to the highest bidder Faber's stock of goods and merchandise, as well as the fixtures covered by said chattel mortgage, and thereafter the firm of Noyes Bros. & Cutler bid off said property at such sale on April 3, 1897, and the assignee reported such sale to the court, and it confirmed such sale and directed the delivery of said property to said purchasers; but they refused to pay for the same until said chattel mortgage should be declared invalid, or the cloud thereon removed.

Thereupon the said goods were delivered to the purchaser, and paid for, less the said sum of $450, consideration in said chattel mortgage.

Plaintiff brought this action against the defendant to have the lien of said mortgage removed from said fixtures covered by it, and on the trial the court further found that Faber, in executing said chattel mortgage to defendant, intended to give Ann K. Stees a preference over his other creditors, and executed said chattel mortgage with a view of such preference; and as a conclusion of law held that plaintiff was entitled to judgment declaring said chattel mortgage null and void. The defendant, Kendrick, appeals.

But there is no finding by the trial court that in giving the mortgage Faber intended to give the defendant, Kendrick, any preference over any other creditors of Faber, or that the transaction between the two men was in the slightest degree tainted with fraud as to such other creditors. Faber did not then owe Kendrick. There were no grounds or reasons for giving him a preference. The loan of $150 would naturally aid, instead of injuring, other creditors. The loan was, therefore, a valid one, and the mortgage good as to this loan of $150. It is to be observed that the property covered by the chattel mortgage was not Faber's stock in trade, but only the fixtures in the store; and the rule that a chattel mortgage which authorizes the mortgagor to sell and replenish the stock of goods and use the same and the proceeds generally is fraudulent and void as against creditors has no application. It is not found that Faber executed the mortgage with intent to defraud or delay his creditors, or that Kendrick entered into any scheme to evade the provisions of the insolvency law prohibiting preferences or to defraud Faber's creditors. Nor are any facts found implying any of these things, although some of the facts found might be evidence tending to prove them.

Upon the question that the mortgage was not filed it does not appear that any one became the creditor of the mortgagor relying upon any alleged false appearance of responsibility thus created. The period which elapsed between the giving of the chattel mortgage, November 20, 1896, to January 19, 1897, was less than nine weeks, and there is neither finding nor evidence to show that any

person became a creditor of Faber during this time. If any inference from the facts found can be drawn, it would be that no person became his creditor during this period, for when he gave such mortgage, and for a long time prior thereto, he had been unable to pay his debts in the ordinary course of business or at all, and his entire assets did not equal the amount of his debts and liabilities. As against a chattel mortgage valid in its inception, given by an insolvent debtor, no presumption should be indulged that third persons became creditors of such notoriously insolvent mortgagor to the extent of defeating its enforcement.

The findings of fact do not justfy the conclusions of law affecting Kendrick's interest. As there is no appeal by Ann K. Stees that part of the judgment affecting her interests and rights is not considered, but as that part of the judgment affecting the right of the defendant is easily ascertained and severable, we hold that the judgment of the trial court, so far as affects the interest and rights of the defendant, should be, and hereby is, reversed, and the cause remanded, and the trial court directed to proceed and modify its conclusions of law and judgment in accordance with this opinion.